# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

**No. 19-1799V**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |
| DONNA FAYE McKENNEY, | * | |
| | * | |
| Petitioner, | * | Filed: July 6, 2026 |
| | * | |
| v. | * | |
| | * | Chief Special Master Corcoran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Amber D. Wilson*, Wilson Science Law, Washington, D.C., for Petitioner.

*Kristen Bonjour*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On November 22, 2019, Donna Faye McKenney filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleged that she suffered from Guillain-Barré Syndrome ("GBS") as a result of her Prevnar-13 vaccination she received on August 13, 2018. A Ruling on Entitlement was issued on December 30, 2025, finding petitioner was entitled to compensation. Ruling on Entitlement (ECF No. 61).

On July 6, 2026, Respondent filed a Proffer on Award of Compensation ("Proffer"). ECF

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

No. 73. The Proffer provides that Petitioner should be awarded $210,000.00 in pain and suffering and $589.00 in past unreimbursable expenses. Proffer at 2. In the Proffer, Respondent represents that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, **I award Petitioner a lump sum payment of $210,589.00 ($210,000 in pain and suffering and $$589.00 in past unreimbursable expenses), to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of the Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| DONNA F. McKENNEY,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 19-1799V<br>Chief Special Master Corcoran<br>ECF |

**PROFFER ON AWARD OF COMPENSATION**[1]

On November 22, 2019, Donna McKenney ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that, as a result of the Prevnar-13 vaccination she received on August 13, 2018, she suffered from Guillain-Barré syndrome ("GBS"). Petition at 1. On August 20, 2020, respondent filed his Vaccine Rule 4(c) report setting forth his position that this case was not appropriate for compensation. ECF No. 18. On December 30, 2025, the Special Master issued a Ruling on Entitlement, finding petitioner was entitled to vaccine compensation.[2] ECF No. 61.

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

[2] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's December 30, 2025 Ruling on Entitlement, finding petitioner entitled to an award under the Vaccine Act. This right accrues following the issuance of the Damages Decision.

## I. Items of Compensation

Based on the evidence of record, respondent proffers that petitioner should be awarded the following:

### A. Pain and Suffering

Respondent proffers that petitioner should be awarded **$210,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

### B. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$589.00**. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

The above amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II. Form of the Award/Recommended Payments

The parties recommend that compensation provided to petitioner should be made through a lump sum payment as described below and request that the Chief Special Master's decision and the Court's judgment award the following:[3]

> A lump sum payment of **$210,589.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Donna McKenney.

Petitioner is a competent adult. Proof of guardianship is not required in this case.

---

[3] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future pain and suffering.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

/s/ *Kristen Bonjour*
KRISTEN BONJOUR
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 598-0030
Email: Kristen.Bonjour@usdoj.gov

Dated: July 6, 2026

CERTIFICATE OF SERVICE

I certify that today, July 6, 2026, a copy of the foregoing pleading was served by electronic mail to Amber Wilson at awilson@wilsonsciencelaw.com.

*/s/ Kristen Bonjour*